United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHICHENG ZHEN, et al.,<br>Plaintiffs,<br>v.<br>DRAFTKINGS, INC., et al.,<br>Defendants. | Case No. 25-cv-04618-CRB (ASK)<br><br>**ORDER RE: DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 131 |

Plaintiffs Zhicheng Zhen and Jonathan Smith and Defendant DraftKings, Inc. ("DraftKings") have submitted a discovery dispute letter regarding Plaintiffs' RFP Nos. 3–8 & 12 (Dkt. 131), which the Court interprets as a motion to compel by Plaintiffs.

With respect to RFP Nos. 3–7, the Court denies Plaintiffs' motion to compel without prejudice. Plaintiffs characterize the dispute as one between "private" versus "public" injunctive relief, but that characterization seems flawed. DraftKings appears to concede that Plaintiffs seek public injunctive relief, but instead contends that it has already produced documents relating to the "large majority of California contests" (i.e., approximately 70% to 80%) and that producing documents as to every game potentially at issue is not proportional to the needs of the case. DraftKings' implication, which it should be held to, is that it has no additional defenses relating to the games for which it did not produce discovery. Plaintiffs, for their part, focus on the private-versus-public injunction issue and fail to articulate why the additional discovery might be material (above and beyond the discovery that has already been produced) and proportional.

Likewise, for RFP No. 6—which relates to DraftKings' responsible gaming tools—DraftKings contends that these documents are not relevant to the injunction issues that Judge Breyer will consider, and Plaintiffs fail to explain the relevance. In the event that Plaintiffs accept that position, then DraftKings should not be permitted to invoke its use of responsible gaming

tools to defend its games.

If, however, for any of these RFPs, Plaintiffs wish to press for these documents, they may submit an additional joint letter brief, limited to one page per side, justifying these requests, with DraftKings's responsive arguments attached.

Separate and apart from the above, with respect to RFP Nos. 5 and 7, DraftKings shall produce the information it offered to produce, either in the form of a declaration, or as a verified interrogatory response (where the wording of the interrogatory is worked out between the parties). For the avoidance of doubt, for RFP Nos. 5 and 7, Plaintiffs may seek further documents pursuant to the procedure outlined in the preceding paragraph.

With respect to RFP 8, the Court grants Plaintiffs' motion and orders DraftKings to identify within one week the custodians and search terms it intends to use, and for the parties to meet and confer with respect to a reasonable search. The Court rejects DraftKings' arguments that this is a needle in a haystack, that use of wagering-type language for a game will necessarily be irrelevant because the context involved a different state (as DraftKings remains free to argue that the non-California context renders the use of wagering-type language irrelevant), and that casual use of wagering-type language by DraftKings employees is necessarily irrelevant (it may or may not be). The Court strongly recommends that the parties resolve the remainder of the dispute without further Court involvement.

With respect to RFP 12, the Court grants Plaintiffs' motion in part. With respect to interrogatories, DraftKings should produce all non-privileged documents consulted (even if publicly available) in generating the substantive interrogatory response (assuming that the documents were not previously produced). If a privileged document was developed or derived from an underlying non-privileged document (e.g., an attorney-drafted summary of a document in the client's possession), the underlying document should be produced. With respect to depositions, DraftKings is correct that it need only produce those documents that are in fact used to refresh a

//

//

//



United States District Court
Northern District of California

witness's recollection (assuming that they were not previously produced). Of course, at deposition, a questioning lawyer may ask a witness to identify any documents that refreshed the witness's recollection.

**IT IS SO ORDERED.**

Dated: October 16, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California