UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZHICHENG ZHEN, et al.,

Plaintiffs,

v.

DRAFTKINGS, INC., et al.,

Defendants.

Case No. 25-cv-04618-CRB (ASK)

**ORDER RE: DISCOVERY DISPUTE LETTER**

Re: Dkt. No. 133

With respect to the parties' Joint Statement of Discovery Disputes (DraftKings' RFP No. 12), filed at Dkt. No. 133, the Court interprets the joint statement as a motion to compel by DraftKings and grants the motion.

Plaintiffs' lawsuit is premised on their claim that they relied on DraftKings' (allegedly false) representations about the legality of its services. Plaintiffs further contend that as a result of those representations, Plaintiffs paid a price premium to play on DraftKings over competing services. Dkt. 70 (FAC), ¶ 261.

DraftKings is entitled to test these allegations, including by advancing evidence of Plaintiffs' activities on these competing services. Plaintiffs may ultimately be right that their activities on these competing platforms are immaterial. But that is ultimately a question for a trier of fact to decide; and DraftKings will not be able to present its position if it is precluded from taking discovery.

Under these circumstances—namely, civil discovery in federal court, with a protective order in place, where Plaintiffs have put their activities on competing platforms at issue—it is not at all clear that the California right to privacy would even apply, let alone bar discovery. In line with the above discussion, DraftKings seeks the information for a proper purpose; Plaintiffs have failed to advance any meaningful prejudice that disclosure will cause, particularly given that

United States District Court
Northern District of California

United States District Court
Northern District of California

information can be disclosed pursuant to the protective order; and Plaintiffs' objections to the discovery are ultimately unpersuasive. Additionally, the Court rejects Plaintiffs' argument that questioning Plaintiffs at deposition is a viable less restrictive alternative for DraftKings. It is not. The documents are a far better source of information for events that occurred many years ago than witness memories. Moreover, without documents, DraftKings will have no recourse if Plaintiffs testify falsely or mistakenly about their activities on competing platforms. Accordingly, Plaintiffs are compelled to produce the documents requested by DraftKings' final compromise position.

With respect to timing, the documents should be produced in advance of Plaintiffs' deposition such that DraftKings has sufficient time to prepare. If that cannot happen, the depositions may either be postponed (if DraftKings consents), or Plaintiffs may need to make themselves available for a short follow-up deposition to answer questions about any later-produced documents.

**IT IS SO ORDERED.**

Dated: October 23, 2026

AJAY KRISHNAN
United States Magistrate Judge